UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANK DEYOUB,
    Plaintiff

-vs-                                    Case No.
                                            Hon.
WHOSARRESTED.COM
    Defendant

## COMPLAINT & JURY DEMAND

*Frank Deyoub states the following claims for relief:*

### Parties

1. Frank Deyoub, resides in Royal Oak, Michigan.

2. Mr. Deyoub is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

3. The Defendant to this action is Who's Arrested LLC ("**WhosArrested**"), which is a consumer reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* operating and doing business in Nevada.

4. WhosArrested operates a web site at www.WhosArrested.Com.

### Jurisdiction

5. Mr. Deyoub brings this case pursuant to 15 U.S.C. § 1681 *et seq*.

6. This case presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.*

7. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

## Introduction

8. Mr. Deyoub is a natural person who has never been arrested for, charged with, or convicted of a crime.

9. Even though Mr. Deyoub has no criminal history of his own, other individuals have accumulated criminal convictions using Mr. Deyoub's former or current name as an alias.

10. The misuse of Mr. Deyoub's name and personal identifiers by those criminals has resulted in the association of Mr. Deyoub's name with the criminal histories of those individuals as set forth more specifically below.

## Background on WhosArrested

11. WhosArrested maintains the WhosArrested.Com web site.

12. WhosArrested could reasonably foresee that its background checks would be used by employers and creditors seeking to obtain information on job and credit applicants.

13. WhosArrested collects arrest records from around the country and makes those reports available to users of the internet on an unrestricted basis.

14. The information posted on WhosArrested.Com concerns possible criminal activity by the subjects of the background reports.

15. WhosArrested offers a service whereby it will remove an individual's criminal record in exchange for a fee of $99, regardless of whether the information is accurate or true.

16. Individuals who do not pay a fee can request that WhosArrested investigate inaccuracies, but anyone can remove their name for a fee.

17. Consequently, the business model of WhosArrested seeks to extort money from individuals, threatening them with continued disclosures and publication of criminal arrest records unless the subject of the report pays a fee.

**Facts**

18. On February 29, 2012 Mr. Deyoub wanted to go with his son's 2nd grade class to a zoo field trip as a chaperone.

19. Before he could do so, the school had him submit to a background check.

20. The school ran a background check on Mr. Deyoub on the WhosArrested.Com web site.

21. The background check constituted a consumer report as that term is defined in the FCRA, 15 U.S.C. § 1681a.

22. The WhosArrested.Com background check stated that Mr. Deyoub had been convicted of a crime.

23. The WhosArrested.Com background check was false and inaccurate.

24. The school relied on the false and inaccurate background check provided to it by WhosArrested.Com

25. The school called Mr. Deyoub and informed him that due to his extensive criminal background, he could not attend the field trip.

26. Mr. Deyoub suffered embarrassment and humiliation as a result of the WhosArrested.Com background check.

27. Mr. Deyoub explained his situation to the school and, after they were able to confirm Mr. Deyoub's story by searching WhosArrested.com and confirmed that the man pictured (Frank Clavenna) was not Mr. Deyoub, allowed him to attend the field trip.

**Count I – FCRA, 15 U.S.C. § 1681 *et seq*. (WhosArrested)**

28. Mr. Deyoub incorporates the preceding allegations by reference.

29. The WhosArrested.com maintains no procedures to assure the maximum possible accuracy of its reports.

30. The appearance of the inaccurate information on the WhosArrested.Com background check was the direct and proximate result of WhosArrested's failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Deyoub's consumer report in violation of the FCRA, 15 U.S.C. § 1681e(b).

31. WhosArrested provides unrestricted access to its background checks and fails to require its users to certify their permissible purpose for use of the reports.

32. WhosArrested has failed to maintain procedures to insure that users have a permissible purpose for the use of reports.

33. WhosArrested negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Deyoub's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681o; alternatively WhosArrested willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Deyoub's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

34. WhosArrested negligently caused the impermissible access and use of Mr. Deyoub's credit report in violation of 15 U.S.C. 1681b and 15 U.S.C. § 1681o; alternatively WhosArrested willfully caused the impermissible access and use of Mr. Deyoub's credit report in violation of 15 U.S.C. § 1681b and 15 U.S.C. § 1681n.

35. Mr. Deyoub has suffered damages as a result of this violation of the FCRA

**Count II – Invasion of Privacy by False Light (WhosArrested)**

36. Mr. Deyoub incorporates the preceding allegations by reference.

37. By maintaining the inaccurate information in Mr. Deyoub's file, WhosArrested broadcasted to the general public or large number of people, information that was unreasonably false.

38. That false information attributed false characteristics (a criminal record) and conduct

(criminal activity) to Mr. Deyoub.

39. This false information was highly objectionable.

40. This publication of material which held Mr. Deyoub in a false light constitutes an invasion of privacy by WhosArrested.

41. Mr. Deyoub suffered damages as a result of this invasion of privacy.

## Count III – Extortion

42. Mr. Deyoub incorporates the preceding allegations by reference.

43. The WhosArrested.com web implicitly accuses the targets of its reports of committing a crime or offense and threatens to continue publishing that information unless the target pays money.

44. The specific intent of the web site is to extort money from the targets of the report.

45. WhosArrested published such a report about Mr. Deyoub and by reason of its express policies threatened to continue publishing this information unless Mr. Deyoub paid money.

46. WhosArrested has engaged in extortion.

47. Mr. Deyoub has suffered damages as a result of WhosArrested's extortion.

## Count IV – Special Claim for Injunctive Relief

48. Mr. Deyoub incorporates the preceding allegations by reference.

49. Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction. *Califano v. Yamasaki*, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

50. This Court has the authority to enjoin further violations of the FCRA by WhosArrested relative to Mr. Deyoub.

51. Mr. Deyoub requests that this Court issue its injunction barring further publication of the

disputed arrest information in the abscense of procedures to insure compliance with the permissible purpose, investigation, and accuracy provisions of 15 U.S.C. § 1681 *et seq.*

## Count V – Special Claim for Declaratory and/or Injunctive Relief Under Common Law

52. Mr. Deyoub incorporates the preceding allegations by reference.

53. WhosArrested continues to extort money from the targets of its reports.

54. The continued operation of WhosArrested's web site – whose business model is founded upon the extortion of people who have been arrested – will impose irreparable harm on those people whose names and images appear in the WhosArrested database.

55. Because the records in the WhosArrested database generally reflect the content of the arrest records of various police agencies, people who appear in the database will likely have no remedy at law for publication of these public records.

56. WhosArrested should not be permitted to continue to extort money as an ongoing business venture.

57. It is in the public's interest to enjoin the operation of the WhosArrested.com as a means of extorting money from people who have been arrested.

58. This Court should exercise its equitable authority enjoin WhosArrested's continued extortion.

## Jury Demand

59. Mr. Deyoub demands trial by jury.

## Request For Relief

60. *ACCORDINGLY Mr. Deyoub requests that the Court Grant any or all of the following relief:*

    A. *Actual damages for items including emotional distress, mental aguish, frustration, humiliation, and embarrassment.*

B.     *Statutory damages in an amount to be determined at trial.*

C.     *Punitive damages in an amount to be determined at trial.*

D.     *Costs and attorney fees provided by statute.*

E.     *Declaratory and injunctive relief as appropriate.*

F.     *Any other relief the Court deems just.*

                              Respectfully Submitted,

                              By:  s/ Ian B. Lyngklip
                              Ian B. Lyngklip P47173
                              LYNGKLIP & ASSOCIATES
                              CONSUMER LAW CENTER, PLC
                              Attorney for Frank Deyoub
                              24500 Northwestern Highway, Ste. 206
                              Southfield, MI 48075
                              PHONE:  (248) 208-8864
                              Ian@MichiganConsumerLaw.Com

Dated: August 1, 2013